

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,166-02

### EX PARTE ZETTRAL ANTOINE WASHINGTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W13-57654-X (B) IN CRIMINAL DISTRICT COURT NO. 6
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to forty years' imprisonment. He did not appeal his conviction.

Applicant contends that trial counsel coerced his guilty plea and failed to investigate whether he was competent to plead guilty. He also contends that the trial court failed to hold a competency hearing.

On March 3 and 6, 2015, the trial court entered timely orders designating issues. This application, however, was forwarded to this Court before the trial court made findings of fact and

conclusions of law.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether counsel's conduct was deficient and, if so, Applicant was prejudiced. The trial court shall also determine whether Applicant was competent to plead guilty. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 16, 2015

Do not publish